UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FAY RUGGLES, ANTOINETTE BOONE,
GEORGIA WOODRUFF, *on behalf of*
*themselves and all other similarly situated*
*employees*,

                                                Plaintiffs,

    -v.-                                                                 1:08-CV-00201
                                                                               (LEK/RFT)

WELLPOINT, INC.,

                                                Defendant.
_____

### MEMORANDUM-DECISION AND ORDER[1]

       On May 5, 2008, Defendant Wellpoint, Inc., filed the instant Motion pursuant to Rules 12(b)(6), 12(c), and 12(f), to dismiss or strike the New York class action allegations and claims for individual relief asserted by Plaintiff Fay Ruggles, and to dismiss or strike certain claims arising under the Federal Labor Standards Act ("FLSA") asserted by Plaintiffs Fay Ruggles, Antoinette Boone, and Georgia Woodruff ("Plaintiffs").[2]  Def.'s Mot. to Dismiss (Dkt. No. 19, Attach. 1). Plaintiffs are employees or former employees of Defendant, a nationwide health benefits corporation headquartered in Indianapolis, Indiana, and doing business in several states, including New York.  Compl. ¶ 12 (Dkt. No. 1).  Plaintiffs filed this action on February 21, 2008, alleging that Defendant violated the FLSA, 29 U.S.C. § 216(b), as well as New York Labor Law §§ 650 *et seq.*,

---

      [1] For printed publication by the Federal Reporters.

    [2] Rule 12(c) is not an appropriate ground for the motion because Defendant has not answered the Complaint.  See, e.g., George C. Frey Ready-Mixed Concrete, Inc., v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977).

and New York State Department of Labor regulations, by failing to pay required overtime compensation. Compl. ¶¶ 1-3, 9-11, 14-16. Plaintiffs assert that this Court has original jurisdiction over the federal and state claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Compl. ¶ 5. Additionally, Plaintiffs claim jurisdiction under 28 U.S.C. § 1331 for the FLSA claims, and supplemental jurisdiction under 28 U.S.C. § 1367 for the New York claims. Compl. ¶¶ 5, 6.

## I. BACKGROUND

**A. The Complaint**

Plaintiff Fay Ruggles resides in Hudson, New York, was employed in Albany, New York, as a case management nurse from approximately November 2003 to August 2005. Id. ¶ 9. Plaintiff Antoinette Boone resides and was employed as a utilization review nurse in Indianapolis, Indiana, from approximately August 2000 to May 2006. Id. ¶ 10. Plaintiff Georgia Woodruff resides in Decatur, Georgia, and has been employed as a medical management nurse in Buckhead, Georgia, since approximately June 2004. Id. ¶ 11. All three of these positions entail "work[ing] in a call center environment, spending the majority of [the] workday on the telephone with providers, hospitals, or members, collecting and inputting data into a computer, following guidelines in performing 'pre-certifications' and/or 'concurrent reviews' of medical procedures, or coordinating with providers." Id. ¶¶ 9-11.

Plaintiffs allege that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay them the mandatory overtime rate of one and one-half times regular pay for hours they worked in excess of forty hours per week. Compl. ¶ 14. All three Named Plaintiffs claim that they were misclassified under the FLSA as exempt salary employees, and regularly worked more than forty

hours per week but were not fully compensated for those overtime hours. Id. Furthermore, Plaintiffs claim that Defendant failed to maintain proper records of the hours they worked in violation of the FLSA. Id. ¶ 35. Plaintiffs claim that these constitute willful and widespread violations, and were committed against individuals employed in Defendant's various offices nationwide in the positions of utilization review nurse, case management nurse, medical management nurse, "or other job titles performing substantially similar job duties." Id.. ¶¶ 4, 14.

Additionally, based largely on the same factual allegations, Plaintiff Ruggles asserts a claim arising under New York Labor Law §§ 190 *et seq.*, New York Labor Law §§ 650 *et seq.*, and the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142. Compl. ¶ 21. As the only party residing in New York, Plaintiff Ruggles is the only named Plaintiff pursuing the New York claim. Id. ¶ 19. Plaintiff Ruggles interposes the New York claim as a putative class action, pursuant to Rule 23, on behalf of all individuals who worked in any of the three positions described *supra* in New York State in the six years preceding the filing of the Complaint through the entry of judgment in this action. Fed. R. Civ. P. 23; Compl. ¶¶ 9, 19. Plaintiff aserts that at least one hundred individuals employed in New York fall within these parameters. Id. ¶ 20.

**B. Procedural History**

Plaintiffs filed the Complaint on February 21, 2008. On May 5, 2008, Defendant filed the instant Motion, and Plaintiff responded in opposition to this Motion on May 20, 2008. Def.'s Mot. to Dismiss (Dkt. No. 19, Attach. 1); Pl.'s Resp. (Dkt. No. 33). At the same time Defendants filed the instant Motion, Defendants filed with the Honorable Randolph F. Treece, U.S. Magistrate Judge, a Letter Motion objecting to advertisements for prospective class members undertaken by Plaintiffs' counsel. May 5, 2008 Letter Mot. (Dkt. No. 20). A dispute over those advertisements is ongoing

before Judge Treece, who is considering motions from the parties related to that issue.  See Mot. to Desist (Dkt. No. 38); Mot. to Cond. Certify (Dkt. No. 37).  The dispute over the advertisements is independent of the issues this Court must consider in relation to the instant Motion.

## II.  STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(6), a district court must "accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[]."  Fed. R. Civ. P. 12(b)(6); In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007).  A court must "read the complaint liberally, drawing all reasonable inferences in plaintiff's favor."  Charles W. v. Maul, 214 F.3d 350, 356 (2d Cir. 2000).  A plaintiff must demonstrate "reasonably founded hope that the discovery process will reveal relevant evidence to support the claim."  Bell Atlantic Corp. v. Twombly, __ U.S. __,127 S.Ct. 1955, 1969 n.4 (2007) (internal quotation marks and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.  However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Id. at 1964.

When considering a Rule 12(f) motion, the standard applied is the "mirror image" of the standard applied to a Rule 12(b)(6) motion.  Fed. R. Civ. P. 12(f); Sony Fin. Srvcs., LLC, v. Multi Video Group, Ltd., 2003 WL 22928602, *8 (S.D.N.Y. Dec. 13, 2003).  A motion to strike is "not favored and will not be granted unless it is clear that the allegation in question can have no possible bearing on the subject matter of the litigation."  Cohen v. Elephant-Wireless, Inc., 2004 WL 1872421, *2 (S.D.N.Y. Aug. 19, 2004) (citation omitted).

### III.  DISCUSSION

**A. New York State Law Claims**

Defendant argues that Plaintiff Ruggles fails to state a claim for individual relief under New York law. See Def.'s Mem. of Law at 14-16 (Dkt. No. 19, Attach. 2). Defendant further argues that Plaintiff Ruggles fails to satisfy Rule 23 of the Federal Rules of Civil Procedure, requiring dismissal of the putative class action. See id. at 4-5. Plaintiff Ruggles responds that the individual and class allegations are sufficient to survive the Rule 12 Motion. See Pl.'s Resp.at 5-7. Additionally, Plaintiff Ruggles asserts that the Court should defer a decision on class certification given the early stage of the litigation. See id. at 7, 8. Although Plaintiff has not moved for certification, each party also devoted significant attention in their respective briefs to arguing about whether or not the class claim should be certified under Rule 23(c). See Fed. R. Civ. P. 23(c).

**1. Facial Sufficiency of the Complaint**

The Court begins by examining the facial sufficiency of the Complaint. See Fed. R. Civ. P. 23; 12. No heightened pleading requirement attaches solely due to the fact that a complaint asserts, *inter alia*, a Rule 23 class action. See, e.g., Fed. R. Civ. P. 9; Twombly, 127 S.Ct. at 1964, 1973 at n.14. The Court applies the familiar Rule 12(b)(6) standard, described *supra*, in evaluating Plaintiff Ruggles's individual and class claims. See *supra* Part II.

Defendant asserts that "simply based on the face of the Complaint, the Court should find that Plaintiff['s] New York class action allegations are improper for a number of reasons." Def.'s Mem. of Law at 4 (Dkt. No. 19, Attach. 2). Although Defendant asserts that Plaintiff's New York claim fails under the standard applied to a Rule 12(b)(6) motion, Defendant's arguments in support of this assertion focus mainly on attacking the Complaint for various ways in which it fails to prove that

5

Rule 23 certification is appropriate. Id. at 4-14. This portion of Defendant's analysis simply does not address the issue at hand, which is the facial sufficiency of the Complaint. To the extent that Defendant does directly contest the sufficiency of the claim arising under New York law, Defendant primarily argues that (1) Plaintiff's individual claims must fail because her factual allegations are "circular and conclusory"; and (2) there are insufficient factual allegations to allow Plaintiff Ruggles to propose a class comprised of three job classifications. Id. at 14-15.

Under New York Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.2, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. § 201." 12 N.Y.C.R.R. § 142-2.2. Plaintiff Ruggles asserts that, as a case management nurse employed by Defendant, she was misclassified as an exempt employee under the FLSA. Compl. ¶¶ 43, 45. Plaintiff further asserts that, between November 2003 and August 2005, she "regularly" worked more than forty hours per week and was not fully compensated for those hours at the mandatory overtime rate of one and one-half times regular pay, and that Defendant failed to keep accurate time records. Id. ¶¶ 9, 21. These allegations are clearly sufficient under the pleading requirements of Rule 8(a). Fed. R. Civ. P. 8(a).

To avoid dismissal of the putative class claim on a Rule 12(b)(6) motion, Plaintiff's allegations must address the four prerequisites for a class action specified in Rule 23(a). Fed. R. Civ. P. 12(b)(6), 23(a). First, Plaintiff must allege that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the Second Circuit, "numerosity is presumed at a level of 40 members," Consol. Rail Corp. v. Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995), and the exact number and identity of members is unnecessary, even for certification.

Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). Plaintiff satisfies this element by claiming that "[a]lthough the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the New York class." Compl. ¶ 20.

Plaintiff must also allege questions of law or fact that are common to the class and assert that her claims are "typical" of the class. Fed. R. Civ. P. 23(a)(2), (3); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999) (commonality and typicality inquiries "tend to merge" because both are aimed at determining "whether [] the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 157 n.13 (1982))). Plaintiff satisfies each of these requirements by stating that individuals, including herself, who held the positions of case management nurse, utilization review nurse, and medical management nurse performed "substantially similar job duties," and were subjected to the same illegal wage practices. Compl. ¶ 22. Plaintiff Ruggles also claims that she will fairly and adequately represent the interests of the class, as required by Rule 23(a)(4). Fed. R. Civ. P. 23(a)(4). To proceed with the class claim, Plaintiff will ultimately need to demonstrate that the action satisfies one of the Rule 23(b) categories; Plaintiff claims class certification is appropriate under Rule 23(b)(2) and (b)(3). Fed. R. Civ. P. 23(b).

**2. Certification Decision Would Be Premature**

Rule 23 subjects a complaint to a "rigorous analysis" before a court may certify a class action. Falcon, 457 U.S. at 157 n.3; Fed. R. Civ. P. 23. To qualify for certification, a plaintiff bears the burden of proving that the putative class action meets each of the four requirements of Rule

7

23(a), and also satisfies at least one of the categories provided in Rule 23(b).  Id.; see also In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 132-133 (2d Cir. 2001).  Courts are to determine whether to certify an action as a class action "at an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  This may be done pursuant to a motion to certify, but "Rule 23(c)(1) places the onus on the court to make a determination irrespective of whether the parties have requested class action status."  Trevizo v. Adams, 455 F.3d 1155, 1161 (10th Cir. 2006).  However, a decision about certification need not be made at the outset; a court should delay a certification ruling until information necessary to reach an informed decision is available.  See Fed. R. Civ. P. 23(c)(1) advisory committee notes to 2003 amendments.  See also Philip Morris Inc. v. Nat'l Asbestos Workers Medical Fund, 214 F.3d 132, 135 (2d Cir. 2000) (per curiam) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." (quoting Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir. 1982))); Sirota, 673 F.2d at 571 ("[A] district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of [Rule 23(a)] have been met.")

      Given the limited information before the Court, it is clear that a certification decision would be premature at this juncture.  To determine whether Plaintiff Ruggles is entitled to certification of the putative New York class, the Court requires a significant amount of information that will likely surface in discovery.  Namely, the similarity or dissimilarity of the three job classifications Plaintiff Ruggles seeks to represent is an outstanding factual question that is central to the scope of the putative class. Without evidence addressing the actual duties of case management nurse, medical management nurse, and utilization review nurse, and "other job positions carrying substantially

similar job duties," the Court cannot be assured that any of the four prerequisites delineated in Rule 23(a) are satisfied. Fed. R. Civ. P. 23(a). Accordingly, the Court declines to issue a ruling on certification.

**B. FLSA Claim**

Defendant challenges several discrete aspects of the claims asserted under the FLSA by Plaintiffs Ruggles, Boone, and Woodruff, but does not argue that Plaintiffs' FLSA action entirely fails at this stage of the litigation.[3] See Def.'s Mem. of Law at 16-19 (Dkt. No. 19, Attach. 2).

**1. "Willful" Claim**

The Complaint alleges that Defendant "failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice[s] of employment." Compl. ¶ 35. Defendant moves to dismiss this paragraph of the Complaint on the basis that the conduct described does not give rise to a private right of action under the FLSA. Def.'s Mot. to Dismiss ¶¶ 5, 6 (Dkt. No. 19, Attach. 1). Separately, Defendant argues that the Court must dismiss Plaintiffs' assertion that Defendant willfully violated the FLSA, arguing that Plaintiffs fail to advance any facts in support of this claim.[4] Id. ¶ 8. See also 29 U.S.C. § 255(a).

The Court considers these two arguments together because it is clear from the face of the

---

[3] Under FLSA § 216(b), an action for unpaid overtime wages may be brought against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only employees who provide written consent ("opting in") become plaintiffs in the action. Id. Accordingly, FLSA actions are not subject to the requirements of Rule 23. See Fed. R. Civ. P. 23.

[4] Under the FLSA, a three-year statute of limitations applies to claims arising from willful violations of the statute; all other causes of action arising under the FLSA must be commenced within two years from the date of accrual. 29 U.S.C. § 255(a).

Complaint that Plaintiffs assert the record keeping violations, *inter alia*, in support of the claim that Defendant willfully violated the FLSA. Compl. ¶¶ 35, 36. Therefore, the issue at this early phase of the litigation is reduced to whether Defendant's record keeping conduct, which is presumed true for purposes of this Motion, tends to support an inference that Defendant's conduct was willful. Furthermore, Plaintiffs are entitled to every favorable inference that can be drawn from the factual allegations contained in the pleadings. In re NYSE Specialists Securities Litigation, 503 F.3d at 95.

The standard of "willful" under the FLSA requires a showing "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985)). By alleging that Defendant repeatedly failed to pay overtime wages, misclassified Plaintiffs under the FLSA, and engaged in record keeping violations that thwart the ability to determine Plaintiffs' "wages, hours, and other conditions" of employment, Plaintiffs allege sufficient facts to maintain the claim that Defendant willfully violated the FLSA. Compl. ¶¶ 14-17, 34-36. Furthermore, the factual assertion concerning Defendant's record keeping survives the Motion because it supports the claim that Defendant's conduct was willful.

**2. Injunctive Relief**

Defendant moves to dismiss Plaintiffs' claim for injunctive relief under the FLSA. Def.'s Mem. of Law at 16 (Dkt. No. 19, Attach. 2); Def.'s Reply at 9 (Dkt. No. 39). See also Compl. at 12; ¶ 37.

Under FLSA § 216(b), an employer who fails to pay required minimum wages or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minium wages, or their unpaid overtime compensation, as the case may be, and in an additional equal

amount as liquidated damages." 29 U.S.C. 216(b).  See also *supra* note 5.  An injunction is not an available remedy in an action brought by employees under the FLSA for failure to pay minimum wages or overtime compensation.  29 U.S.C. § 216(b).  FLSA § 217 provides that the Secretary of Labor may file an action to enjoin an employer from violating the FLSA, including minimum wage and overtime compensation provisions.  29 U.S.C. § 217.

Plaintiffs' request for injunctive relief as a remedy for FLSA violations is therefore stricken from the Complaint in accordance with Rule 12(f).  Fed. R. Civ. P. 12(f).

**3. Liquidated Damages and Interest**

Plaintiffs seek to recover, *inter alia*, unpaid overtime wages, liquidated damages, and interest, for FLSA violations.  Compl. ¶ 37.  Defendant asserts that "[c]ourts have repeatedly held [] that plaintiffs in FLSA cases are not entitled to both interest and liquidated damages."  Def.'s Mem. of Law at 17 (Dkt. No. 19, Attach. 2).  This is not a complete and accurate characterization of the law.  Courts have indeed held that prejudgment interest is not recoverable on liquidated damages awarded under § 216(b).  Wickham Contracting Co., Inc. v. Local Union 3, Intern. Broth. of Elec. Workers, 955 F.2d 831, 834 (2d Cir. 1992) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 699, 714-716 (1945)).  However, it is equally clear that post-judgment interest is available "as a matter of course" on any recovery under the FLSA.  Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 57 (2d Cir. 1984).  Accordingly, Plaintiffs may pursue both liquidated damages and post-judgment interest on any award they ultimately obtain under the FLSA.

## IV.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 19) is **DENIED** except insofar as Defendant moves to dismiss or strike Plaintiffs' request for injunctive relief under the FLSA; and it is further

**ORDERED**, that Plaintiffs' request for injunctive relief under the FLSA is **STRICKEN** from the Complaint (Dkt. No. 1) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:    September 24, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge